J-S50022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 3856 EDA 2016 |
| RYAN UNTERWERGER | | |

Appeal from the PCRA Order December 9, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0007012-2016

BEFORE:   PANELLA, J., RANSOM, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.          **FILED FEBRUARY 06, 2018**

The Commonwealth of Pennsylvania appeals from the order entered in the Montgomery County Court of Common Pleas, granting Appellee, Ryan Unterwerger's second petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We reverse.

On March 22, 2016, Appellee pleaded guilty to a single count of possession with intent to deliver. The trial court sentenced Appellee to a term of three to twenty-three months' imprisonment followed by a four-year probationary sentence. Appellee did not seek direct review; however, after discovering the possible adverse immigration consequences of his plea deal, he presented a motion to withdraw his guilty plea, *nunc pro tunc*. Through his

_____

* Retired Senior Judge assigned to the Superior Court.

motion, Appellee alleged guilty plea counsel, David McKenzie, Esquire, provided ineffective assistance by failing to advise him of the potential adverse immigration consequences.

The PCRA court held an evidentiary hearing on Appellee's petition.[1] Prior to the admission of evidence, Appellee's counsel orally moved to amend Appellee's petition to include a claim that guilty plea counsel was ineffective for representing Appellee despite a conflict of interest. The Commonwealth initially opposed the addition of this claim, and objected to Appellee's attempts to develop this claim, but ultimately withdrew its objection.

Appellee testified he was unaware Attorney McKenzie was representing Paul McNamara, the prospective buyer in the underlying drug matter, at the time he entered his guilty plea. Attorney McKenzie confirmed he represented both McNamara and Appellee during Appellee's guilty plea process, but believed his representation of Appellee was unaffected by his concurrent representation of McNamara.

On September 20, 2016, the PCRA court denied Appellee's petition, finding the ineffectiveness claim based upon guilty plea counsel's failure to inform of immigration consequences meritless. Further, the PCRA court denied

---

[1] Prior to the hearing, the PCRA court determined that because Appellee's motion centered upon his allegations of ineffective assistance of counsel, his motion was actually a PCRA petition. *See* N.T., PCRA Hearing, 9/2/16, at 6-7. Neither party objected to the PCRA court deeming the motion a PCRA petition and the hearing proceeded as a PCRA evidentiary hearing. *See id.*, at 7.

relief based upon any alleged conflict of interest, noting that PCRA counsel, Wayne Sachs, Esquire, failed to establish prejudice, and thus failed to meet his burden of proof.

Appellee retained new counsel and filed, on October 12, 2016, a second PCRA petition,[2] alleging the ineffectiveness of Attorney McKenzie for his dual representation of McNamara and Appellee, as well Attorney Sachs' alleged ineffectiveness for failing to properly litigate this claim. The PCRA court held a second evidentiary hearing, during which new PCRA counsel submitted docket sheets reflecting the concurrent representation of McNamara and Appellee. Following the hearing, the PCRA court found both Attorney McKenzie and Attorney Sachs provided layered ineffectiveness, granted Appellee's second PCRA petition, and vacated Appellee's guilty plea. This timely appeal follows.

On appeal, the Commonwealth contends that the PCRA court erred by granting Appellee's second PCRA petition based on guilty plea counsel's concurrent representation of McNamara. **See** Commonwealth's Brief, at 4, Specifically, the Commonwealth argues Appellee presented insufficient evidence to establish prejudice resulting from guilty plea counsel's actions. **See id**., at 4, 9-17. Further, as PCRA counsel raised this issue in Appellee's first PCRA evidentiary hearing, Appellee's claim should not succeed under the

---

[2] New counsel initially filed a motion for reconsideration of the PCRA court's decision. However, after a conference with all parties and the recommendation of the PCRA court, new counsel withdrew the motion and filed a second PCRA petition.

dictates of "layered ineffectiveness" review. *See id.*, at 15-17. Additionally, the Commonwealth alleges that the PCRA court incorrectly determined that ineffectiveness itself meets the "miscarriage of justice" standard necessary for second or subsequent PCRA petitions. *See id*., at 4, 17-22.

We review a PCRA court's ruling as follows:

> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (internal citations omitted).

Prior to reaching the merits of the Commonwealth's contentions, we must address both the PCRA court and Commonwealth's contention they are addressing a "layered ineffectiveness" claim. Our courts typically recognized a claim as one implicating the "layered ineffectiveness" framework where PCRA counsel alleged appellate counsel's ineffectiveness for failing to claim trial counsel's ineffectiveness on direct appeal. *See Commonwealth v. McGill*, 832 A.2d 1014, 1021-1023 (Pa. 2003). However, the need for a "layered ineffectiveness" analysis was effectively alleviated following our Supreme Court's holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), which generally deferred ineffectiveness claims until post-conviction proceedings. After *Grant*, the only cases, which necessitated a "layered ineffectiveness" analysis, were cases in which a direct appeal was filed before

*Grant*, or where a court on direct appeal has reviewed claims of ineffectiveness on direct appeal. ***See***, ***e.g.***, Thomas M. Place, *The Post Conviction Relief Act: Practice and Procedure* (2016 ed.) § 4.02[1]. As Appellee did not file a direct appeal prior to the ***Grant*** decision (or any direct appeal for that matter), any discussion of the application of the "layered ineffectiveness" framework is misguided.

Moving to the Commonwealth's issues on appeal, we address the contention that the PCRA court erred in applying the "miscarriage of justice" standard, first. As discussed, this appeal lies from the grant of Appellee's second PCRA petition. A second or subsequent post-conviction petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." ***Commonwealth v. Lawson***, 549 A.2d 107, 112 (Pa. 1988). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." ***Commonwealth v. Carpenter***, 725 A.2d 154, 160 (Pa. 1999) (internal quotation marks omitted and citation omitted).

Here, the PCRA court concluded guilty plea counsel's ineffectiveness alone constituted a miscarriage of justice sufficient to grant PCRA relief on Appellee's second PCRA petition. However, our review of Appellee's second PCRA petition reveals that Appellee completely failed to acknowledge a

different standard of review for a second or subsequent PCRA petition, let alone make a *prima facie* showing that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred. Without this showing, the PCRA court should not have even reviewed Appellee's second petition, and thus its grant of PCRA relief was an error as a matter of law.

Further, even assuming that guilty plea counsel's ineffectiveness amounted to a miscarriage of justice, Appellee still would not have been entitled to PCRA relief. To be entitled to PCRA relief, a petitioner must establish "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). An issue is "previously litigated" when "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(3).

Here, the PCRA court granted relief due to guilty plea counsel's concurrent representation of McNamara and Appellee. While the PCRA court concluded PCRA counsel failed to raise this conflict of interest/ineffectiveness claim,[3] the record flatly belies this conclusion.

PCRA counsel moved orally to amend Appellee's first PCRA petition to include the conflict of interest claim immediately following the PCRA court's determination that the hearing would proceed as an evidentiary hearing under

---

[3] In its Rule 1925(a) statement, the PCRA court denied it allowed the oral amendment during the first evidentiary hearing, stating that PCRA counsel provided "insufficient support for the oral motion." PCRA Court's Rule 1925(a) Opinion, 1/25/17, at 3.

- 6 -

the PCRA. While the Commonwealth initially opposed this oral amendment, it later withdrew its objection as evidenced by the following exchange:

> [THE COMMONWEALTH]: Well, Your Honor, previously, before this hearing began, defense wanted to amend to include the conflict of interest. I objected based on the timing of that matter. I am willing to withdraw that objection, meaning that we would just agree that that can be amended, that the claim is now orally added to the PCRA and that we are prepared to argue it.
>
> PCRA COURT: All right. Very good. [Appellee's counsel] you have the burden, so you go first.

N.T., PCRA Hearing, 9/2/16, at 73-74. The PCRA court's response implicitly indicated that PCRA counsel successfully orally amended the petition to include this claim.

Further, our review of the record reveals that PCRA counsel set forth sufficient evidence to support this claim. A comparison of the transcripts from Appellee's evidentiary hearings reveals the only evidence introduced in support of the second petition, which was not introduced in support of the first, were the docket sheets reflecting guilty plea counsel's representation of McNamara during the relevant times. As guilty plea counsel testified, during the first hearing, to the fact that he represented both Appellee and McNamara during the relevant time periods, the docket sheets amount to nothing more than cumulative evidence. Thus, because PCRA counsel raised the relevant claim of guilty plea counsel's ineffectiveness, we conclude the PCRA court

erred as a matter of law by granting Appellee a new trial based on a previously litigated claim.[4]

Order reversed.

Judge Platt joins the memorandum.

Judge Ransom concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/18

---

[4] Given our resolution, we need not reach the Commonwealth's alternative arguments on appeal.